UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLA GREEN,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:17-cv-313

# **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation

omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 47 years of age on her alleged disability onset date. (PageID.211). She successfully completed high school and worked previously as a gluer, machine operator, and packer. (PageID.101, 234). Plaintiff applied for benefits on March 7, 2014, alleging that she had been disabled since February 14, 2014, due to post-traumatic stress disorder (PTSD), depression, arthritis, and a history of thyroid cancer. (PageID.41, 211-16, 233). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.109-209).

On August 5, 2016, Plaintiff appeared before ALJ Michael Condon with testimony being offered by Plaintiff and a vocational expert. (PageID.57-107). In a written decision dated August 8, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.41-52). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.29-33). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) generalized anxiety disorder; (2) persistent depressive disorder; (3) major depressive disorder, without psychosis; (4) hypothyroidism; (5) degenerative disc disease of the lumbar spine; (6) thoracic and lumbar spine neuritis or radiculitis; (7) bilateral elbow epicondylitis; and (8) carpal tunnel syndrome post-surgery on both elbows and wrists, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.43-45).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) she can occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds; (2) during an 8-hour workday, she can sit and stand/walk for 6 hours each; (3) she can frequently climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (4) she can frequently balance, stoop, kneel, crouch, and crawl; (5) she can have occasional exposure to humidity and wetness, but no exposure to cold and heat; (6) she is limited to simple, routine work; (7) she can make simple work-related decisions and can tolerate occasional workplace changes; and (8) she can have no contact with the general public and only occasional contact with co-workers and supervisors. (PageID.45).

Based on the testimony of a vocational expert, the ALJ found that Plaintiff was able to perform her past relevant work as a gluer, machine operator, and packer. (PageID.51, 101-03). The vocational expert also testified that if Plaintiff were further limited to sedentary work there still existed at least 91,000 jobs in the national economy which Plaintiff could perform. (PageID.103-04). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.      The ALJ's RFC Assessment is Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). As noted above, the ALJ concluded that Plaintiff can perform a limited range of light work. Plaintiff argues that she is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff faults the ALJ for "fail[ing] to consider any reaching, handling or fingering limitations." A review of the medical record, however, reveals that the ALJ's RFC assessment is supported by substantial evidence.

While the administrative record contains no direct indication of such, Plaintiff reported that she underwent bilateral carpal tunnel and bilateral ulnar nerve surgery in 2005.

(PageID.76, 398). Following this surgery, Plaintiff continued working for approximately another eight (8) years. (PageID.217-29).

On June 28, 2014, Plaintiff was examined by Dr. Steven Hardy. (PageID.398-402). A neurological and orthopedic examination revealed, in relevant part, the following:

> Sensation is intact to pinprick, vibration, temperature and light touch in the bilateral upper extremities and lower extremities. Strength is 5/5 in the bilateral upper extremities and lower extremities proximally and distally. There is noted giveway weakness with poor effort in the proximal lower extremities. Strength is 5/5 in the distal lower extremities bilaterally. There is no pronator drift. There is normal muscle bulk and tone without atrophy. There is no tremor, spasticity, or rigidity. Finger-nose-finger and rapid alternating movements are intact bilaterally. No dysmetria or dysdiadochokinesia. Deep tendon reflexes are 2/4 in triceps, biceps, brachioradialis, patella, and Achilles bilaterally. There is no Hoffman sign or ankle clonus. There are downgoing plantar reflexes bilaterally. The patient was able to squat 75% with pain on occasion. Straight leg raising is negative in the supine and seated positions. Gait is steady without assistance. The patient did perform tandem gait without difficulty. Tinel's sign was negative bilaterally.
>
> No ligamentous laxity of the knees or ankles. Anterior/posterior drawer test is negative. Patrick and FABER's testing is negative. Empty can test and Apley's scratch test were negative. There were no effusions or crepitus of the joints. There is noted tenderness to palpation in the right greater than left lower paraspinal musculature. There is decreased range of motion with forward flexion of the lumbar spine. There is also decreased range of motion seen with the right shoulder. External and internal rotation is negative for pain limitation. There is also tenderness to palpation noted in the right acromioclavicular joint.

(PageID.399-400).

X-rays of Plaintiff's lumbar spine, taken the same day, revealed "only minimal arthritic spurring in the middle to lower lumbar spine" with "no lumbar vertebral fracture or spondylolysis." (PageID.403).

7

On May 7, 2015, Plaintiff participated in an MRI examination of her lumbar spine the results of which revealed "mild lower thoracic and lumbar spondylosis" with "no significant central canal stenosis, neural foraminal stenosis or any neural impingement." (PageID.487). Treatment notes dated September 14, 2015, indicate that Plaintiff's pain was improved with ibuprofen. (PageID.763). Plaintiff was advised to continue conservative treatment including wearing a tennis elbow brace. (PageID.764).

The medical record does not support Plaintiff's argument that her ability to use her upper extremities is more limited than the ALJ recognized. The ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

**II.      The ALJ Properly Evaluated the Opinion Evidence**

On March 8, 2016, Dr. N.G. Gatare completed a form regarding Plaintiff's mental residual functional capacity. (PageID.406-09). While the doctor did not articulate specific functional limitations for Plaintiff, the contents of his report nevertheless suggest that Plaintiff is more limited than the ALJ recognized. The ALJ afforded "little weight" to Dr. Gatare's opinion. (PageID.50). Plaintiff argues that she is entitled to relief because the ALJ failed to provide good reasons for discounting her treating physician's opinion.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v.*

*Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

9

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

Dr. Gatare assessed Plaintiff's abilities in various "aptitudes." With respect to Plaintiff's "mental abilities and aptitudes needed to do unskilled work," the doctor rated Plaintiff's abilities in sixteen separate areas. (PageID.408). The doctor reported that Plaintiff was "unable to meet competitive standards" in four areas, was "seriously limited, but not precluded" in eight areas, was "limited but satisfactory" in two areas, and was "unlimited or very good" in two areas. (PageID.408).

With respect to Plaintiff's "mental abilities and aptitudes needed to do semiskilled and skilled work," the doctor rated Plaintiff's abilities in four separate areas. (PageID.408). The doctor reported that Plaintiff was "seriously limited, but not precluded" in three areas and "limited but satisfactory" in one area. (PageID.408). With respect to Plaintiff's "mental abilities and aptitude needed to do particular types of jobs," the doctor rated Plaintiff's abilities in

five separate areas. (PageID.409). Specifically, the doctor reported that Plaintiff was "seriously limited, but not precluded" in two areas, "limited but satisfactory" in two areas, and "unlimited or very good" in one area. (PageID.409). Dr. Gatare also reported that Plaintiff was unable to work because she "would place family needs over work." (PageID.409).

Plaintiff's argument fails for at least two reasons. First, the form that Dr. Gatare completed does not constitute a "medical opinion" to which deference must be accorded. *See* 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2) (a medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"); *see also*, *Ashley v. Commissioner of Social Security*, 2014 WL 1052357 at *7-8 (W.D. Mich., Mar. 19, 2014).

As the ALJ also noted, Dr. Gatare had very limited contact with Plaintiff and his observations were inconsistent with the contemporaneous treatment notes of the various social workers with whom Plaintiff actually treated. (PageID.332-97, 698-753, 820-57). These treatment notes reveal that Plaintiff responded favorably to conservative treatment of therapy and medication. Margaret Bluhm, one of the social workers with whom Plaintiff treated, reported that Plaintiff's ability to perform unskilled work was not inconsistent with the ALJ's RFC assessment. (PageID.782). In sum, the ALJ articulated good reasons, supported by the record, for discounting Dr. Gatare's opinion. Accordingly, this argument is rejected.

11

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Dated: September 12, 2018                              /s/ Ellen S. Carmody
                                                                           ELLEN S. CARMODY
                                                                           United States Magistrate Judge